IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action _____

COLORADO FOOD PRODUCTS, INC. a
Colorado Corporation,

    Plaintiff,

v.

EMPACADORA Y PROCESADORA DEL
SUR, INC., a Corporation organized and
existing under the laws of the Commonwealth
of Puerto Rico,

    Defendant,

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(a) and D.C.COLO.LCivR 81.1, Empacadora y Procesadora del Sur, Inc. ("**Empacadora**") gives notice of removal of the matter captioned *Colorado Food Products, Inc. v. Empacadora y Procesadora del Sur, Inc.*, Case No. 2014CV32746, District Court, City and County of Denver, Colorado to the United States District Court for the District of Colorado. The grounds for removal are as follows:

Background

    1.    On July 11, 2014, plaintiff Colorado Food Products, Inc. ("**Colorado Food**") filed a Complaint in the Second Judicial District for the state of Colorado captioned *Colorado Food Products, Inc. v. Empacadora y Procesadora del Sur, Inc.*, Case No. 2014CV32746, District Court, City and County of Denver, Colorado (the "**State Court Action**").

1

2. On or about July 21, 2014, defendant was served with copies of the following documents that plaintiff filed in the State Court Action: (1) District Court Civil Case Cover Sheet for Initial Pleading of Complaint ("**Case Cover Sheet**"); (2) Summons; (3) the Complaint; (4) Plaintiff's Initial PPR 3 Disclosure. True and correct copies of the Case Cover Sheet, Summons, the Complaint and the PPR 3 Disclosure are attached as **Exhibits A-D**, respectively.

3. Defendant has not been served with any other process, pleading, order or other documents from the State Court Action.

4. Defendant has not pled, answered or otherwise appeared in the State Court Action.

5. A Notice of Filing Notice of Removal will be filed on this same date with the Clerk of the District Court for the City and County of Denver, Colorado, along with a copy of this Notice of Removal. *See* **Exhibit E**.

Diversity of Citizenship Exists

6. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

7. Plaintiff Colorado Food, according to the Complaint, is a Colorado corporation with its principal place of business in Denver, Colorado. *See* Exhibit C ¶ 1. Therefore, for purposes of diversity, Colorado Food is a citizen of Colorado.

8. Defendant Empacadora is a Puerto Rican corporation with its principal place of business in Puerto Rico. *See* Exhibit C ¶ 2. Therefore, for purposes of diversity, Empacadora is a citizen of Puerto Rico.

9. Complete diversity of citizenship therefore exists between the plaintiff and the defendant.

The Amount in Controversy Requirement Is Met

10. The amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(c)(1). And "the amount in controversy is ordinarily determined by the allegations of the complaint." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

11. Plaintiff Colorado Food alleges in the Complaint that the "outstanding amount due and owing to Colorado Food Products is . . . $318,135.41." Exhibit C ¶ 19.

12. Thus, the amount-in-controversy requirement has been met.

This Notice of Removal Is Timely

13. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely because it is filed within 30 days of the date on which defendant received a pleading, motion, order or other paper from which it may be ascertained that this case is one which is or has become removable. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (30-day removal period begins to run upon service of summons and complaint).

Conclusion

14. For the above-stated reasons: (a) this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the plaintiff and the defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (b) the case is removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, defendant prays that this action, formerly pending in the Second Judicial District for the state of Colorado, proceed in the United States District Court for the District of Colorado as an action properly removed.

3

Dated:   August 19, 2014

                                          CHIPMAN GLASSER, LLC

                                          By: /s/ Daniel W. Glasser
                                          Daniel W. Glasser
                                          Reid J. Allred
                                          Chipman Glasser, LLC
                                          2000 S. Colorado Blvd., Tower One
                                          Suite 7500
                                          Denver, Colorado 80222
                                          Telephone: (303) 578-5781
                                          Facsimile: (303) 578-5790
                                          Email: dglasser@chipmanglasser.com
                                                     rallred@chipmanglasser.com

                                          *Attorneys for Defendant Empacadora y Procesadora del Sur, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2014, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served electronically, addressed to:

Jonathan Steeler
Richard Kaufman
Sarah K. Pallotti
Ryley Carlock & Applewhite
1700 Lincoln Street, Suite 3500
Denver, Colorado 80203-4535
jsteeler@rcalaw.com
rkaufman@rcalaw.com
spallotti@rcalaw.com

*Attorneys for Plaintiff*

s/ Elsy Hernandez
Elsy Hernandez

4825-8424-6045, v. 2