**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-02299-MSK-KMT

**COLORADO FOOD PRODUCTS, INC.**, a Colorado corporation,

    Plaintiff,

v.

**EMPACADORA Y PROCESADORA DEL SUR, INC.**, a corporation organized and existing under the laws of the Commonwealth of Puerto Rico,

    Defendant.

## OPINION AND ORDER DENYING MOTION TO DISMISS

**THIS MATTER** comes before the Court on the Defendant's First Motion to Dismiss for Lack of Personal Jurisdiction (**#13**), the Plaintiff's Response (**#18**), and the Defendant's Reply (**#24**). The Plaintiff also filed a motion for leave to file to a Surreply (**#27**).

### ISSUES PRESENTED

The plaintiff Colorado Food Products, Inc. (Colorado Food Products) asserts claims of breach of contract, unjust enrichment, and *quantum meruit* against the Defendant Empacadora y Procesadora Del Sur, Inc. (Empacadora). Empacadora, a Puerto Rico corporation, has moved to dismiss all claims for lack of personal jurisdiction pursuant to Fed. R. Civ P. 12(b)(2). Empacadora contends that it does not have sufficient contacts with Colorado to justify exercise of personal jurisdiction. Colorado Food Products responds that Empacadora consented to personal jurisdiction in Colorado in the contract between the entities. As to this issue, the Court exercises subject matter jurisdiction under 28 U.S.C. § 1332.

1

## **FACTS**

The following facts are derived from the allegations in Colorado Food Products' Complaint (**#3**) and Exhibits attached thereto, and are construed most favorably to the non-movant.

Colorado Food Products is a Colorado corporation with its principal place of business in Denver, Colorado. The company ships meat goods to Puerto Rico. Once in Puerto Rico, the goods are held at cold storage facility operated by Popaco Enterprises, Inc. ("Popaco"), until released to local purchasers. Upon acceptance of the goods, local purchasers receive an invoice from Colorado Food Products.

Empacadora is a Puerto Rico corporation with its principal place of business in Coamo, Puerto Rico. During 2013, it purchased goods from Colorado Food Products that were delivered by Popaco. Empacadora did not pay for 21 orders, for which it owes Colorado Food Products $318,135.41, plus interest, costs, and attorney fees.. Invoices for such purchases contain a paragraph stating, in pertinent part:

> The sale and purchase of the above products (with Agreement) has been negotiated and accepted in, and shall be construed pursuant to the laws of the State of Colorado. Jurisdiction and venue for the enforcement of any right or cause of action arising pursuant to this agreement shall be in any court of competent jurisdiction in Denver County, Colorado. . . . In the event arbitration fails, the jurisdiction of any and all lawsuits will be the City and County of Denver, in the State of Colorado.[1]

.

Colorado Food Products initiated this action on in the district court for the City and County of Denver on July 11, 2014. The action was removed to this Court.

---

[1] Colorado Food Products unsuccessfully attempted to seek arbitration.

## STANDARD OF REVIEW

The plaintiff has the burden of proving that personal jurisdiction over the defendant exists, although at preliminary stages of the litigation the burden is light. *AST Sports Science, Inc. v. CLF Distribution Ltd.,* 514 F.3d 1054, 1056 (10th Cir. 2008).  If a court chooses not to conduct an evidentiary hearing on the issue, the plaintiff need only make a *prima facie* showing of jurisdiction through affidavits or otherwise. *Omi Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998); *Soma Medical Intern v. Standard Chartered Bank,* 196 F.3d 1292, 1295 (10th Cir 1999). The allegations of a complaint must be taken as true unless contradicted by the defendant's affidavits. *Behagen v. Amateur Basketball Ass'n. of U.S.A.,* 744 F.2d 731, 733 (10th Cir.  1984). To the extent that the affidavits contradict allegations in the complaint or opposing affidavits, all disputes must be resolved in the plaintiff's favor and the plaintiff's *prima facie* showing is sufficient. *Id.*

## ANALYSIS

### A.  Motion for Leave to File Surreply

Colorado Food Product moved to file a Surreply (**#27**) on the grounds that in its Reply, Empacadora argued for the first time that the forum selection clause in the invoices was invalid. Empacadora opposed (**#28**) Colorado Food Product's request arguing that Colorado Food Products "never mentioned the forum selection clause until it filed its Response brief."

The Court notes that Colorado Food Product attached a copy of each invoice and separate exhibit containing the language of the forum selection clause as an Exhibit to its Complaint. Ordinarily, an exhibit to a pleading is a part of the pleading for all purposes.  Fed. R. Civ. Pro. 10(c).  In considering Empacadora's Motion to Dismiss presumably other parties as well as the Court focus on the Complaint and its Exhibits.   Thus, Empacadora cannot reasonably contend

that the invoices were a surprise raised first in Colorado Food Products' Response. The Court grants Colorado Food Products' Motion for Leave to File a Surreply and considers it.

### B. Motion to Dismiss

As noted, Empacadora moves to dismiss the claims in the Complaint on the grounds that it did not have sufficient minimum contacts with Colorado. Colorado Food Products responds that: (1) Empacadora consented to personal jurisdiction in a forum selection clause on the invoices for the orders delivered to Empacadora; and alternatively that (2) Empacadora's emails and phone calls to Colorado Food Products in Colorado are sufficient for exercise of personal jurisdiction.

Generally, a court may exercise personal jurisdiction over a nonresident defendant if minimum contacts exist between the defendant and the forum state such that maintenance of the lawsuit would not offend traditional notions of fair play and substantial justice. *Doering ex rel. Barrett v. Copper Mountain, Inc.,* 259 F.3d 1202, 1210 (10th Cir.2001)   However, parties to a contract may agree in advance to submit to the jurisdiction of a given court. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 704 (1982).

Here, the Complaint asserts that the parties agreed that venue is proper in Colorado, and attached to it are invoices containing a clause selecting Denver, Colorado as the forum for dispute resolution.  It reads: "Jurisdiction and venue for the enforcement of any right or cause of action arising pursuant to this agreement shall be in any court of competent jurisdiction in Denver County, Colorado. . . . The jurisdiction of any and all lawsuits will be the City and County of Denver, in the State of Colorado."  This constitutes a *prima facie* showing that Empacadora agreed to submit to personal jurisdiction in Colorado.

Empacadora responds that the forum selection clause is unenforceable because it was not part of the parties' agreement.[2] However, a forum selection clause is presumptively enforceable unless it is unreasonable, fraudulently induced, or against public policy *See Nickerson v. Network Solutions, LLC*, 339 P.3d 526, 530 (Colo. 2014); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).[3] The party seeking to avoid the effect of the forum selection clause has a "heavy burden" of proving that the clause is unfair or unreasonable. *See M/S Bremen*, 407 U.S. at 17; *ABC Mobile Systems, Inc. v. Harvey*, 701 P.2d 137, 139 (Colo. App. 1985). Empacadora has not addressed the standard of *Nickerson* and *M/S Bremen*, *and* to reach the merits of Empacadora's challenge would require factual determinations regarding the parties' underlying agreement (or agreements) to purchase meat goods as well as their practices. At this juncture insufficient evidence and argument has been presented. An evidentiary hearing on the issue would be largely duplicative of a trial.

Therefore resolving all factual disputes in the plaintiff's favor, as it must, at this juncture the Court finds that a *prima facie* showing of personal jurisdiction has been made. Consequently, Empacadora's Motion to Dismiss is denied with leave to renew at trial.

---

[2] Empacadora argues that the invoices were not part of the agreement because Colorado Food Products did not send them within a reasonable time in accordance with C.R.S. § 4-2-207.

[3] The parties do not address explicitly whether Colorado law or federal common law controls the validity and interpretation of the forum selection clause at issue here. Regardless, Colorado follows the federal common law as established in *M/S Bremen. See Nickerson*, 339 P.3d at, 530; *see also Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 320 (10th Cir. 1997).

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Colorado Food Products' Motion for Leave to File a Surreply (#27) is **GRANTED**. Empacadora's Motion to Dismiss for Lack of Personal Jurisdiction (**#13**) is **DENIED**.

Dated this 21st day of March, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge